# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3402

_____

| | | |
|---|---|---|
| Michael David Masek, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Bob Wills, Unit Manager; | * | |
| | * | |
| Appellee. | * | |
| | * | |
| Steve Courtois, Psychologist 1; | * | |
| Byron C. English, Psychologist 1; | * | |
| | * | Appeal from the United States |
| Defendants, | * | District Court for the |
| | * | Eastern District of Missouri. |
| Geraldine English, Forensic Case | * | |
| Monitor; | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| Susan R. Hagan, Forensic Case Monitor; | * | |
| Donna Augustine, Licensed Clinical | * | |
| Social Worker; Peicival Tiongson, Dr., | * | |
| Psychiatrist; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Dorn Schoffman; Karen Adams; | * | |
| Missouri Department of Mental Health; | * | |
| Southeast Missouri Mental Health | * | |
| Center, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 21, 2005
Filed: August 8, 2005
_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael David Masek, an involuntarily committed patient in the custody of the Missouri Department of Mental Health, appeals from an adverse grant of summary judgment in his suit under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l. We affirm.

Masek alleged that he had been denied appropriate medical treatment required by due process of law, that he was being held in a more restrictive environment than necessary in violation of the ADA, and that he was denied the opportunity to pursue his chosen vocation because of his disability in violation of the Rehabilitation Act. The district court[1] rejected Masek's claims, concluding based on undisputed facts that Masek had received appropriate medical treatment, that he was in the least restrictive environment for which he was qualified, and that he had not been denied vocational opportunities in violation of the Rehabilitation Act. Having carefully reviewed the record, we adopt the district court's reasoning, with one clarification.

---

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, presiding with the consent of the parties pursuant to 28 U.S.C. § 636(c).

With respect to Masek's § 1983 and Rehabilitation Act claims, the district court concluded that the defendants named in their individual capacities were entitled to qualified immunity. The district court correctly noted that "the 'threshold question' in a qualified immunity inquiry is whether '[t]aken in the light most favorable to the party asserting the injury [. . .] the facts alleged show the officer's conduct violated a constitutional right,'" (Add. at 17) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)) (second alteration added), but proceeded to inquire first whether the rights Masek claimed had been violated were clearly established. We clarify that under the *Saucier* approach (which is not without its critics, *e.g.*, *Brosseau v. Haugen*, 125 S. Ct. 596, 600-01 (2004) (Breyer, J., concurring)), the first question in a qualified immunity analysis is whether the conduct in question violated the complainant's rights, not whether any rights allegedly violated were "clearly established." 533 U.S. at 201. In the course of its analysis, however, the district court also determined that none of Masek's rights under § 1983 or the Rehabilitation Act had been violated. (Add. 28, 43). For the reasons stated by the district court, we agree that taking the allegations in the light most favorable to Masek, he has not stated a claim for violation of any constitutional or statutory right. We therefore affirm the judgment of the district court. *See* 8th Cir. R. 47B.

_____